CASE 49—PETITION EQUITY—NOVEMBER 12.

# Bridgeford & Co. v. Beck & Co.

‹ APPEAL FROM LOUISVILLE CHANCERY COURT.

1. SALE OF LAND NOT DIVISIBLE, IN WHICH INFANTS AND MARRIED WOMEN ARE INTERESTED, must be made in strict compliance with the provisions of the General Statutes, or their title will not pass to the purchaser.

2. *The General Statutes have changed the law* in relation to the sale of real estate of married women owned jointly with others and not sus-ceptible of division.

3. *In proceedings for the sale of a married woman's real estate* the statute contemplates that she shall be a defendant thereto, and not a co-plaintiff with her husband.

    *The purchaser properly refused to comply* with the terms of the sale in this case because a married woman was made a plaintiff in-stead of a defendant.

D. M. RODMAN, . . . . . . . . . . For Appellants,

                  CITED

        General Statutes, chap. 63, arts. 4, 5, pp. 592, 594.
        MS. Opinion, 1874, Runecke v. Sanders.
        Freeman on Judgments, sec. 31, p. 56.
      3 Met. 501, Megowan v. Pennebaker.
      7 Bush, 360, Finnell, &c. v. Jones, ex'r.
      1 Met. 65, Raymond v. Smith.        20 Ala. 364.
      5 Bush, 642, Horsfall, &c. v. Ford, &c.
      19 Cal. 127, Swain v. Negler.     Civil Code, sec. 800.
      27 Cal. 491, Hegeler v. Henchel.
      10 Mo. 359, Hyde v. Carling.

19 Ala. 319, Metcalf v. Metcalf.
24 Ala. 701, State v. Mayor of Mobile.
14 B. Mon. 71, Stephens v. Wilson.

J. G. WILSON, . · . . . . . . . : . . . For Appellees,

CITED

Revised Statutes, chapter 63.
1 Kent, pp. 461, 462, 463.
1 Met. 65, Raymond v. Smith.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

Some years since Michael Beck died in the city of Louisville testate, the owner of a house and lot in the city, and a small personal estate, and leaving a widow and six children surviving him, he devised to his widow all his estate during life and at her death to his children equally. Previous to March, 1874, his widow died, and this suit in equity was brought by William Beck, Martin Beck, Adam Beck, Emile Beck, and Catharine Funk, late Beck, her husband Peter Funk joining in the suit as plaintiff, five of the children of said decedent, against John Beck, their brother, and others, creditors of Michael Beck, deceased, for the sale of the house and lot situate on Chestnut, between Seventeenth and Eighteenth streets, in said city, to pay the debts of decedent and to distribute the residue of the proceeds among the children, there being no personal estate left at the death of the widow, and no personal representative of decedent.

Bridgeford & Co., being judgment creditors of John Beck, with an execution return of no property, brought their separate suit with attachment against him to subject his interest in his father's estate to the satisfaction of their debt. And Frank Humbert, a creditor of Adam Beck, brought suit to subject his interest in his father's estate to the satisfaction of his debt.

These suits were consolidated and heard together, and on final hearing, after a reference to the master to ascertain the

debts of decedent and a report made by him, it was adjudged
that the real estate be sold by the marshal of the court, with
specific directions as to the terms, time, and place of sale; the
attachment of Bridgeford & Co. against John Beck was sus-
tained and his part of the proceeds adjudged to them; and a
judgment in favor of Humbert for the payment of his debt
out of Adam Beck's part of the proceeds.

The property was offered for sale under and by virtue of
said judgment, and Bridgeford & Co., being the highest bid-
ders, were accepted as the purchasers thereof at the price of
$3,100. But having refused to comply with the terms of the
sale, a rule was taken against them to compel them to comply.
They responded to the rule, assigning several reasons why they
should not be required to take the property, all of which
were deemed by the chancellor insufficient. The rule was made
absolute upon them, and they have appealed to this court.

The most formidable objection to the enforcement of the
rule is that the proceedings and judgment are fatally defective
and insufficient to invest the purchasers with the title of Mrs.
Catharine Funk, who was at the date of the judgment and
still is a married woman. Sec. 6, art. 5, chap. 63, General
Statutes, p. 594, provides that "If lands be held by joint tenants
and tenants in common, or coparceners, and the court shall be
satisfied from the proof that the same is not susceptible of
division, or that a division thereof would materially impair
its value, may, upon petition of any one interested, order a
sale of the entirety, and make division of the proceeds among
those entitled. If infants or persons of unsound mind are
interested, it shall be the duty of the court, before ordering
such sale, to take like steps and require like proceedings as
are provided in article *three* of this chapter; and in case a
married woman hath an interest, whether adult or infant, the
cause shall proceed as prescribed in *article four* of this chap-
ter, so far as regards her share; *provided*, that if the married

woman be an adult she may, upon privy examination, in her answer waive or dispense with the necessity of such proceedings."

Article 4 of said chapter provides how the land of a married woman under twenty-one years of age may be sold, and section 5 of article 4 of said chapter provides that "No judgment shall be entered until the petitioner (who is therein assumed to be the husband, but if he is not twenty-one years old then he may petition by a next friend) shall enter into bond to the commonwealth, for the benefit of such married woman and her heirs, with surety in number and value and in substance as provided for in the second and third sections of the preceding article, which shall be examined and proceeded with as provided in the fourth section thereof."

These provisions of the statute are mandatory, declaring that unless the married woman be an adult, and her consent be had for a sale of her real estate on privy examination, *no judgment* shall be entered until a bond as therein required be executed by the petitioner. And furthermore, in proceedings for the sale of a married woman's real estate the statute contemplates that she should be a defendant thereto and not a co-plaintiff with her husband.

The proceedings in this case do *not* show that the essential requisites of the statute herein pointed out were complied with; and unless a strict compliance is shown, the titles of married women to real estate will not pass. As the appellants could not, under their purchase, take or hold the share of Mrs. Funk, they should not have been required to execute the bonds for the purchase price.

This view of the case renders it unnecessary to decide the question as to the validity of the order for the entry of the judgment *nunc pro tunc*.

It would seem that from the great length of time since the notes set forth in the deed from Newton to Michael Beck were

due, being now nearly twenty-two years since the one for the last installment matured, that there need be no danger apprehended from them; and upon the return of the cause provision can be made for the payment of the taxes due on the property.

The General Statutes have abrogated or changed the law in relation to the sale of the real estates of married women owned jointly with others and not susceptible of division.

The case of Stump v. Martin, &c. (9 Bush, 285) was decided before the General Statutes went into operation, and the decision in that case conformed to the statutes then in force; and a departure from the principles in that case results from a change in the statutes.

For the reasons herein stated the judgment is reversed, and the cause is remanded for further proceedings consistent herewith.